[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The matter comes before this court by way of a Motion for Modification (#119) and a Motion for Contempt (#121), both dated March 27, 2001, and filed by the plaintiff wife ("wife") post judgment. The Motion for Modification was served on the defendant husband ("husband") by abode service on May 10, 2001. The parties have one minor child, Ashleigh Elizabeth Bella, born June 12, 1985. The husband testified that he and the child have been estranged for the past five or six years. The marriage of the parties was dissolved by a decree of this court on January 24, 1992. At that time both parties were represented by counsel, and an oral agreement was read into the record which was memorialized by a transcript as on file (#116), and which was approved by the court. CT Page 14934 Under the terms of the order, the husband is responsible for maintaining the existing health and dental plan ("or a comparable policy") for the benefit of the daughter Ashleigh until she reaches the age of 18, and "if he's allowed," to continue to maintain same for so long as she is a full-time college student. In addition, the order mandates that the husband be responsible for any deductible and "for any coverage that is for any care that is not covered" (i.e. unreimbursed medicals), provided that "except in the case of emergency," the wife is obligated "to consultwith the husband "in conjunction with any care that she (Ashleigh) wouldreceive."
According to the testimony of the wife, the child has had a variety of medical problems from ear infections to scoliosis some dating back nearly a decade. In fact, the conflict between the husband and the wife on this one issue antedates the divorce, as is evidenced by the Transcript of January 24, 1992. In brief, the husband believes that the wife takes the child to the doctor at the first sign of a sniffle, while the wife believes that the child's medical problems are serious enough to warrant medical attention. The wife introduced evidence of unreimbursed medical expenses totaling $6136.00, which she has already paid in full and seeks reimbursement from the husband. The husband offered a variety of excuses from lack of knowledge to lack of a medical card and forms. He testified that he did have "some information" regarding Doctor Fields and Doctor Dunn. For her part, the wife testified that she gave the husband notice, but it was unclear whether, in each and every instance, the notice was prior to the medical event. She testified further that she left some messages on his answering machine. It is clear to the court, that in virtually every instance when he was made aware of the treatment, the husband's response was emphatically negative. The court believes that the wife simply gave up trying. When asked why she waited so long to pursue the matter, she responded that she was concerned with legal fees and was "afraid to confront him." Communication on this issue remains virtually nonexistent. The passage of time may have dimmed the memories somewhat, but not the level of hostility.
The Motion for Contempt is focused upon these obligations and the husband's alleged failure to comply. In addition, the motion alleged the husband's failure to provide proof of life insurance coverage. No credible evidence was introduced regarding this issue, and the court makes no findings or orders related thereto. The husband has countered with a Motion for Modification dated June 27, 2001. At the time that the motion was heard, there was no child support arrearage, however, since the date of the hearing before this court on July 9, 2001, the parties have entered into a Stipulation (#128) dated July 16, 2001, which modifies the child support upward to conform to the Child Support Guidelines, retroactive to May 10, 2001, thus creating a modest arrearage CT Page 14935 to be paid before December 31, 2001. In addition, the parties have agreed that pending the outcome of the court's ruling on the remaining motion (#121), that any payments ordered by the court shall be dived into equal installments, the first of which is to be made on the first day of the month following the entry of the order, and which payments shall be completed on June 12, 2003. The court notes that the husband continues to maintain health insurance for the child.
Therefore, court hereby limits its consideration solely to the issue of the husband's alleged contempt for failure to meet his obligation to pay for the deductible and all unreimbursed medical expenses for the minor child.
 FINDINGS
The Court, having heard the testimony of both parties, and having considered the evidence presented at hearing, as well as the factors enumerated in Sections 46b-56, 46b-84, 46b-86, and 46b-215a of the Connecticut General Statutes, including the Child Support and Arrearage Guidelines Regulations, and Sections 25-26 through 25-30 of the Connecticut Practice Book, hereby makes the following findings:
 1. That the wife has physical custody of the minor child, and as such has the responsibility for medical decisions concerning her.
 2. That the husband has a legal obligation to provide health insurance for the minor child and to pay for the deductible and any unreimbursed medical expenses.
 3. That, except in the event of an emergency or a routine office visit, the wife has the duty to notify the husband of any major medical procedure or course of medical treatment for the minor child in advance of such treatment or procedure and that her duty to notify the husband is a condition precedent to his obligation to pay for the unreimbursed portion of same.
 4. That the issue of the cost of health care for the minor child has long been a source of contention between the parties antedating even the date of dissolution of the marriage itself.
 5. That the communication by and between the parties regarding this issue since the date of dissolution of marriage is so poor as to be for all intents and purposes nonexistent and/or ineffective; that the passage of a significant amount of time between the time each bill was incurred and the Motion for Contempt makes it impossible to determine with reasonable certainty where the complete truth lies; CT Page 14936 and that based upon the testimony and evidence before it, the court concludes that neither party was completely credible and that both are responsible to some degree for this woeful state.
 6. That based upon the lack of adequate communication, the court finds that the husband is not in willful contempt of the orders of this court; however, the court finds that the husband has violated the spirit if not the letter of the decree and that his actions have not been in the best interest of the minor child.
 7. That during the course of the present proceeding, the husband has been made aware of the unreimbursed medical expenses for the minor child incurred by the wife and paid by her, to wit: The Child Guidance Center ($2226.00), Dr. Robert Fields ($3055.00), Dr. Vaughn Dunn ($100.00), Dr. David P. Roye ($435.00), and Gibraltar Orthodics ($320.00); that said expenses amount to a total of $6136.00 as of July 9, 2001; and that it is equitable and appropriate and in the best interest of the minor child that the husband be responsible for and should make timely and regular payments to the wife toward a portion of the above unreimbursed medical expenses; and that a fair amount of this obligation is $4,200.00.
 ORDER
IT IS HEREBY ORDERED THAT commencing December 1, 2001, and on the first day of each and every month thereafter, to and including June 1, 2003 (unless sooner paid in full), the husband shall pay to the wife the sum of $600.00, in addition to any other payments as and for support of the minor child.
THE COURT
SHAY, J.